**NOT FOR PUBLICATION OR CITATION**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

Eastern District of Kentucky
**FILED**

**JUL 0 5 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-190-KSF

MICHAEL RAY SMITH                                                    PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

DARREN W. PECKLER, JUDGE, ET AL.                                    DEFENDANTS

The plaintiff, an inmate confined at the Boyle County Jail, brings this action *pro se* and

pursuant to 42 U.S.C. §1983. In May of 2005, he allegedly was subjected to cruel and unusual

punishment in violation of the Eighth Amendment, a Fourteenth Amendment due process violation,

and a malicious prosecution when: (1) Boyle Circuit Judge Darren W. Peckler did not recuse in a

criminal non-support case against the plaintiff though the plaintiff had previously filed a complaint

against Judge Peckler with the Commonwealth of Kentucky Judicial Conduct Commission; (2)

Commonwealth's Attorney Richard Bottoms continued to prosecute the plaintiff in Boyle Circuit

Court Action No. 01-CR-00057 for flagrant non-support even though Bottoms had previously

represented the plaintiff when the plaintiff was a criminal defendant in a separate 1987 Mercer

Circuit Court action; and (3) Cindy Corcoran refused to remove a 1981 Ohio felony burglary

conviction from the plaintiff's criminal record prior to Judge Peckler's eventual determination and

ruling that the Ohio conviction did not "belong" to the plaintiff.

RELIEF

The plaintiff seeks damages. He also seeks injunctive relief to include that his apparent

1

flagrant non-support conviction in Boyle Circuit Court Action No. 00-CR-00057 be vacated and expunged from his record and that case 00-CR-00033, presumably the Ohio felony burglary conviction, be expunged from his record.

## DEFENDANTS

The named defendants are Boyle Circuit Judge Darren W. Peckler, Commonwealth's Attorney Richard Bottoms, Assistant Commonwealth's Attorney William Stevens and State Detective Cindy Corcoran.

## CRUEL AND UNUSUAL PUNISHMENT

The plaintiff's complaints are regarding events in Boyle Circuit Court action 01-CR-00057, which events preceded the imposition or service of any punishment and, thus, the protections of the Eighth Amendment's cruel and unusual punishment clause are not applicable to the plaintiff's trial-related (as opposed to punishment-related) claims. Consequently, the plaintiff's Eighth Amendment-based punishment allegations are subject to dismissal for the plaintiff's failure to have stated an Eighth Amendment cruel and unusual punishment claim.

## DUE PROCESS

The plaintiff, in essence, alleges that his Fourteenth Amendment due process rights were violated during his 2005 trial because the judge and the prosecuting attorney were prejudiced against him based upon events[1] that had transpired between the plaintiff and the judge and/or the prosecutor in relationship to the adjudication of prior criminal matters involving the plaintiff. The plaintiff alleges that, absent the undue prejudice of Judge Peckler and Commonwealth's Attorney Bottoms,

---

[1] The plaintiff alleges that when the plaintiff was a criminal defendant in Mercer Circuit Court in 1987 then Attorney Richard Bottoms represented the plaintiff on a Motion for Work Release. Additionally, in or before January of 2002 the plaintiff had filed a complaint against Judge Peckler with the Judicial Conduct Commission.

in May of 2005 he could not have been found guilty and given a jail sentence for flagrant non-support because he allegedly is disabled, incapable of earning support money, penniless, and awaiting a decision on a disability appeal claim.[2]

The plaintiff, in essence, challenges the outcome of a state court criminal proceeding. This he may not do in a 42 U.S.C. §1983 action. A 42 U.S.C. §1983 action cannot be maintained to challenge an allegedly wrongful conviction. *Johnston v. Sanders*, 86 Fed.Appx. 909, 2004 WL 193207 (6th Cir. (Ky.)); *Fergueron v. Ferqueron*, 20 Fed.Appx. 493, 2001 WL 1217006 (6th Cir. (Mich.)). Such wrongful conviction claims brought pursuant to 42 U.S.C. §1983 must be dismissed pursuant to the doctrine of *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). *Id.* Because the plaintiff has failed to allege that his conviction has been invalidated, he may not yet pursue his wrongful conviction claim via 42 U.S.C. §1983. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "[W]hen a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Chatman v. Slagle*, 107 F.3d 380, 382 (6th Cir. 1997) (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 (1994)).

## *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine prevents a federal court from exercising jurisdiction over claims alleging that a state court made an erroneous decision. Under *Rooker-Feldman*, a federal

---

[2] The plaintiff fails to take into consideration the joint income of his wife, which is reflected on his application to proceed *in forma pauperis.*

district court is without jurisdiction to consider an appeal of a previously state-court-decided issue. As the plaintiff seeks for this federal district court to reconsider the outcomes of his state court proceedings, which are matters that have already been entertained by at least one Kentucky state court, the plaintiff's claims are barred by the *Rooker-Feldman* doctrine. *Dosher v. Menifee Circuit Court*, 75 Fed.Appx. 996, 2003 WL 22220534 (6th Cir. (Ky.)) (unpublished); *Evans v. Franklin County Court of Common Pleas, Division of Domestic Relations*, 66 Fed.Appx. 586, 2003 WL 21259704 (6th Cir. (Ohio)) (unpublished); *Partridge v. Ohio*, 79 Fed.Appx. 844, 2003 WL 22474620 (6th Cir. (Ohio)) (unpublished); *Evans v. Klaeger*, 12 Fed.Appx. 326, 2001 WL 700825 (6th Cir. (Ohio)) (unpublished); *Evans v. Yarbrough*, 238 F.3d 420, 2000 WL 1871706 (6th Cir. (Ohio)) (unpublished); *Hyland v. Porter*, 145 F.3d 1331, 1998 WL 152938 (6th Cir. (Mich.)) (unpublished); *McPherson v. Vandlen*, 129 F.3d 1264, 1997 WL 693074 (6th Cir. (Mich.)) (unpublished).

## 28 U.S.C. §2254

To the extent the petitioner is challenging his state court conviction, ordinarily such a challenge is brought pursuant to 28 U.S.C. §2254 after the petitioner has exhausted all of his state court appeals and remedies. Federal courts do not have jurisdiction to consider a claim in a habeas corpus petition that has not yet been "fairly presented" to the state courts. *Newton v. Million*, 349 F.3d 873 (6th Cir. 2004). "General allegations of the denial of a "fair trial" . . . have been held insufficient to "fairly present" federal constitutional claims." *Id.* at 681. The petitioner does not indicate that he has previously done anything to present any of the herein asserted claims to the state appellate courts. Consequently, the petitioner has not established that this Court has jurisdiction to consider his claims.

4

Accordingly, this Court is without jurisdiction to consider the plaintiff's Fourteenth Amendment due process claims.

## MALICIOUS PROSECUTION

It appears the plaintiff's allegations that he has been subjected to a malicious prosecution are only leveled at the prosecutor who has been named a defendant, Commonwealth's Attorney Richard Bottoms.

The plaintiff has not stated a malicious prosecution claim because, apparently,[3] the flagrant non-support prosecution was not terminated in his favor. *Dallas v. Homes*, 2005 WL 1313801 (6th Cir. (Tenn.)), 2005 Fed.App. 0393N (citing *White v. Rockafellow*, No. 98-1242, 1999 WL 283905, at *1 (6th Cir. April 27, 1999)).

Moreover, a prosecutor has absolute immunity from a claim for damages for commencing or initiating a criminal prosecution. *See, e.g., Imbler v. Pachtman*, 424 U.S. at 431, 96 S.Ct. at 995. A prosecutor enjoys absolute immunity from suit for conduct "in initiating and in presenting the State's case." *Id.* at 431. Ascribing impure and malicious motives to a prosecutor is of no consequence if the prosecutor's complained-of act has been performed under conditions that entitle the prosecutor to absolute immunity. *Ireland v. Tunis*, 113 F.3d 1435, 1447 (6th Cir. 1997) (citing *Joseph v. Patterson,* 795 F.2d 549, 557 (6th Cir. 1986)). The plaintiff's assertion that Bottoms prejudicially initiated the 2005 flagrant non-support prosecution against the plaintiff, because in 1987 Bottoms represented the plaintiff in a criminal action motion for work release, is an irrational assertion. The plaintiff's present allegation that the prior advocacy is cause for current prejudicial

---

[3] The plaintiff complains of having received jail time as a consequence of the outcome of the flagrant non-support proceeding.

behavior is, as pled, a factually baseless allegation. The plaintiff has offered no reasonable or rational explanation for his claim that Bottoms harbors prejudice against the plaintiff and, therefore, Bottoms' recent act of prosecuting the plaintiff for flagrant non-support was performed under conditions that entitle Prosecutor Bottoms to absolute immunity.

CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

This action is **DISMISSED**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendants.

This the ___5th___ day of ~~June~~, 2005.

_____
KARL S. FORESTER, SENIOR JUDGE